SANCES LAW
MARTIN SANCES  (SBN 175779)
61 AVENDIA DE ORINDA, SUITE J
ORINDA, CALIFORNIA 94563
(415) 531-5654 – Office

Attorneys for Plaintiff
US CAPITAL GLOBAL PARTNERS LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| US CAPITAL GLOBAL PARTNERS, LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALBERTO GONZALEZ, an Individual, WEST RETAIL DEVELOPMENT, LLC, a Texas Limited Liability Company and VANTAGE BANK TEXAS, a Texas State Financial Institution,<br><br>Defendants. | |

Plaintiff, US Capital Global Partners, LLC ("USCGP") hereby sues Defendants, Jose Alberto Gonzalez, an Individual, West Retail Development, LLC, a Texas Limited Liability Company and Vantage Bank Texas a Texas State Financial Institution.

**JURISDICTION AND VENUE**

1. This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and this matter is between citizens of different States.

2. Personal jurisdiction is proper as to Defendant JOSE ALBERTO GONZALEZ ("Gonzalez"),  because:  (1) Gonzalez has availed himself of the benefits of doing business in

1

California because he as has been since June 2008, and continues to be, a California licensed real estate broker (License # 01840601); (2) the controversy is related to and arises out of Gonzalez' contacts with the State of California in that he negotiated and agreed to engage in business with the Plaintiff through communications delivered in California; (3) Gonzalez accepted the benefits of the Plaintiff's contractual performance which was conducted in California; (4) Gonzalez expressly agreed in a written agreement with the Plaintiff to resolve substantive disputes arising out of the agreement via arbitration in San Franscisco California, and that he would subject himself to any court having jurisdiction over him for resolution of claims for injunctive relief; (5) the acts and omissions which Gonzalez engaged in a or caused have caused harm to the Plaintiff in California; and (6) the assertion of personal jurisdiction comports with fair play and substantial justice.

3.   Personal jurisdiction is proper as to Defendant VANTAGE BANK TEXAS ("Vantage Bank") because:  (1) the controversy is related to and arises out of Vantage Bank's instructions and directions to Defendant Chase Bank in the State of California which caused Chase Bank to harm and damage the Plaintiff in the State of California by withdrawing funds and freezing its accounts; (2) upon information and belief, Vantage Bank regularly does business in the State of California, by accepting deposits and executing transfers of funds to and from various accounts within the State of California; and, (3) the assertion of personal jurisdiction comports with fair play and substantial justice.  No shareholder, owners, or member of Vantage Bank is a citizen of the State of California.

4.   Personal jurisdiction is proper as to Defendant WEST RETAIL DEVELOPMENT, LLC  ("West Retail"), a Texas Limited Liability Company, because:  (1) Defendant West communicated with Defendant Vantage Bank for the purpose of causing the damage to the Plaintiff in California which is the subject of this lawsuit;  (2) the controversy is related to and arises out of Defendant West's  contacts with the State of California in that West agreed to engage in business with the Plaintiff through communications delivered in California; (3) Defendant West accepted the benefits of the Plaintiff's contractual performance which was conducted in

California; (4) Defendant West expressly agreed in a written agreement with the Plaintiff to resolve substantive disputes arising out of the agreement via arbitration in San Franscisco California, and that it would subject himself to any court having jurisdiction over him for resolution of claims for injunctive relief; (5) the acts and omissions which Defendant West engaged in a or caused have caused harm to the Plaintiff in California; and (6) the assertion of personal jurisdiction comports with fair play and substantial justice. No member of West Retail is a citizen of the State of California

5.     Venue is proper in this jurisdiction pursuant to 28 U.S. Code § 1391 because a substantial part of the events giving rise to the claims occurred in the Northern District of California. Plaintiff conducts business in the Northern District of California, Plaintiff has been harmed in the Northern District of California by the conduct of all Defendants, Defendants West and Gonzalez have agreed to resolution of disputes such as those detailed herein within the Northern District of California; and, each Defendant, including Defendant Vantage Bank, engaged in many of the acts and omissions which gave rise to the causes of action herein, and caused harm suffered by the Plaintiff, within the Northern District of California.

6.     All conditions precedent have been performed and or waived by the Defendants and the amount in controversy in this action exceeds $75,000.00.

## PARTIES

7.     USCGP is a limited liability company created pursuant to the laws of the State of Delaware with its principal place of business is located at 1 Ferry Building, Suite 201, San Francisco, California

8.     Defendant, Gonzalez is an individual who holds himself out as Founder and President of Defendant West Retail Development LLC, a Texas real-estate development company and a co-Defendant herein. Gonzalez resides at 5855 Valle Bello Ave, El Paso, Texas, 79932.

9.     Defendant West Retail is a Texas-based real estate development limited liability company with its principal place of business located at 6100 Westside Drive, El Paso, Texas, 79932.

3

10. Defendant, Vantage Bank Texas is a Texas State Financial Institution, also known as Vantage Bank. Vantage Bank's primary place of business is at 45 NE Loop 410, Suite 500, San Antonio TX.

**SUBSTANTIVE ALLEGATIONS**

**I.  Overview**

11. In the summer of 2023, Defendant Gonzalez engaged in negotiations with the Plaintiff USCGP to employ USCGP for the purpose of seeking financing for Defendant West Retail of up to $30 Million Dollars. During the negotiations, Gonzalez was informed that he may engage legal counsel of his choosing to assist in the negotiations.

12. On July 7, 2023, Plaintiff USCGP executed with West Retail an "Engagement Agreement" which is filed herewith and incorporated herein.

13. Defendant Gonzalez signed the Engagement Agreement as President of West Retail and therein acknowledged and agreed that he read the agreement carefully; that he understood and accepted the obligations within the agreement; and that, no promises or representations were made to West Retail to induce West Retail to sign the Agreement. Gonzalez also acknowledged that West Retail was given the opportunity to discuss the Agreement with its private legal counsel and that West Retail took advantage of that opportunity to the extent that it wanted.

14. Pursuant to the Engagement Agreement, Plaintiff USCGP "proposed" that it, or any affiliate or assignee, would lend to West Retail a term loan of up to $30 Million Dollars. Defendant West Retail acknowledged in the agreement that USCGP "shall devote such time and diligent efforts as may reasonably be necessary to perform its services" within the agreement, and that USCGP, "cannot guarantee or ensure any successful outcome relating" to the proposed loan or "the successful consummation of any transaction contemplated by the parties under this Agreement."

15. The proposal also contained specific financial covenants "[t]o be determined after USCGP's completion of due diligence," and required payment for USCGP to commence its due

4

diligence process of a non-refundable, "Due Diligence and Underwriting Fee" of $140,000.00 pursuant to a payment plan.

16. In the agreement, Defendant West Retail understood and agreed that it was responsible for the full amount of such expenses and costs even in the event that USCGP declines for whatever reason to extend the Proposed Credit Facility on the basis of its due diligence findings.

17. Upon execution of the agreement, West Retail made fee payments to USCGP on July 13, 2023, August 7, 2023, and October 4, 2023, which totaled $110,00.00.

18. The Plaintiff, USCGP conducted the due diligence investigation of the Defendants West Retail and its founder and President, Defendant Gonzalez, which included retaining various third parties for investigation of the Defendants' criminal histories, credit histories, litigation backgrounds, judgments, liens, and professional and work histories, as well as the conduct of property valuations and appraisals and contacting experts in that regard. In doing so, USCGP discovered facts and circumstances which in USCGP's reasonable opinion, rendered West Retail ineligible for the proposed $30 million term loan.

19. The disqualifying facts include but are not limited to the following:

   (a) Defendant Gonzalez was also the founder and CEO of a Texas company known as Royal Blue Energy Inc., which according to a 2014 lawsuit was accused of fraud by the Houston branch of BHP Billiton, an Australian-based corporation that produces minerals, oil and natural gas. In that lawsuit, BHP Billiton obtained a judgment against Royal Blue in excess of 11.2 Million dollars, which remained unsatisfied;

   (b) Defendant Gonzalez and a related company known as JG West Retail, LLC were defendants in an active civil case in El Paso County 448th District Court, Case No.: 019DCV0744, where they were being sued for breach of contract;

   (c) Defendant Gonzalez and a related company known as West Houston Retail, LLC, were defendants in an active civil case in Harris County District Court, Case No.: 201470363 where they were being sued for fraud;

5

(d) A judgment in the amount of $562,842.74 was rendered in 2022 against Defendant Gonzalez, which resulted from a civil lawsuit filed in El Paso County 384th District Court, and the judgment remained unsatisfied;

(e) A judgment in the amount of $119,168.68 was rendered in Harris County District Court 2019, Case No.: 201802118, against Defendant Gonzalez and a related company known as Jag Holdings, Inc., in favor of their own attorneys, which remained unsatisfied;

(f) A judgment of an amount unknown in an eviction case was rendered in El Paso County Justice of Peace Court in 2019 against Defendant Gonzalez which remained unsatisfied;

(g) even a small claims Judgment in the amount of only $2,319.00 rendered against Defendant Gonzalez and another individual in 2015 remained unsatisfied; and,

(h) the appraised value of the underlying property was only $34,480,000 from a May 29, 2023, appraisal of CBRE and would not support a loan of $30,000,000 without additional collateral, which West Retail was unwilling to provide.

20. Furthermore, West Retail was delinquent in its payments due to USCGP. Therefore and in compliance with the terms and conditions of the Engagement Agreement, the Plaintiff USCGP informed Defendant West Retail that it would not provide or make available a credit facility, or term loan, of up to $30 Million dollars to West Retail and terminated the engagement.

22. On or about Tuesday, December 19, 2023, Defendant Gonzalez intentionally communicated with Defendant Vantage Bank that he wanted to retrieve all of the payments previously made to USCP. Defendant Vantage Bank agreed to assist Defendant Gonzalez to retrieve the payments beginning in July 2023, which originated from West Retail's Vantage Bank account, and Plaintiff is informed and believes Defendant Gonzalez made materially false and fraudulent statements regarding USCGP on behalf of West Retail to cause such retrieval of funds. It is believed that those statements included the false representation that USCGP had no contractual right to receive the payments from West Retail and had done so fraudulently.

6

24. Accordingly, Plaintiff is informed and believes that Defendant Vantage Bank communicated and re-published to USCGP's bank, Chase Bank N.A., the materially false representations made by Gonzalez that USCGP had fraudulently received payments from Defendant West Retail, and requested Chase Bank N.A., to transfer the total amount received from West Retail out of USCGP's accounts and return the funds to West Retail's account at Vantage Bank.

25. Chase Bank N.A., acting upon the false representations of fraud, did as Vantage Bank requested and also froze all of USCGP's other bank accounts at the same time. This conduct also caused the return of fund transfers to USCGP clients, and the rejection of debits from USCGP's accounts.

26. Defendant Vantage Bank knew or should have known of Gonzalez' propensity to commit fraud as such is a matter of public record. Defendant Vantage Bank's actions were without justification, and without any prior notice to Plaintiff USCGP or investigation of the validity of the representations by Defendant Vantage Bank. As a result, Defendant Vantage Bank re-published Gonzalez' intentionally false representations regarding USCGP with the intention to cause harm to USCGP by having USCGP's funds unjustifiably transferred to West Retail.

## COUNT ONE
### Defamation/Slander Against Jose Alberto Gonzalez

27. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

28. On or about December 19, 2023, Defendant Gonzalez intentionally made a materially false statement to Defendant Vantage Bank about USCGP with the intent to cause damage to USCGP.

29. Vantage Bank understood the defamatory nature of the statement made by Defendant Gonzalez about USCGP.

30. Vantage Bank reasonably understood that the statement was about USCGP, and knew that relying upon and acting on the statement would cause damage to USCGP.

31. Defendant Gonzalez failed to use reasonable care to determine the truth or validity of the statement because he fabricated the falsehood and knew at all times that the statement was both false and defamatory.

32. The statement made by Gonzalez to Vantage Bank about USCGP is defamatory per se as it defames USCGP on its face without the need for extrinsic evidence to explain the statement's defamatory nature.

33. The statement made by Gonzalez to Vantage Bank about USCGP damaged USCGP in excess of $75,000.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against Alberto Jose Gonzalez for defamation and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

## COUNT TWO
### Defamation/Slander Against West Retail Development, LLC

34. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

35. On or about December 19, 2023, Defendant West Retail intentionally made a materially false statement to Defendant Vantage Bank about USCGP with the intent to cause damage to USCGP.

36. Vantage Bank understood the defamatory nature of the statement made by Defendant West Retail about USCGP.

37. Vantage Bank reasonably understood that the statement was about USCGP, and knew that relying upon and acting on the statement would cause damage to USCGP.

38. Defendant Gonzalez failed to use reasonable care to determine the truth or validity of the statement because it fabricated the falsehood and knew at all times that the statement was both false and defamatory.

39. The statement made by West Retail to Vantage Bank about USCGP is defamatory per se as it defames USCGP on its face without the need for extrinsic evidence to explain the statement's defamatory nature.

40. The statement made by West Retail to Vantage Bank about USCGP damaged USCGP in excess of $75,000.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against West Retail Development, LLC for defamation and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

9

**COUNT THREE**
**Defamation/Slander Against Vantage Bank Texas**

41. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 40 of this Complaint as if they are re-alleged in their entirety herein.

42. On or about December 19, 2023, Defendants Gonzalez and West Retail intentionally made a materially false statement to Defendant Vantage Bank about USCGP with the intent to cause damage to USCGP.

36. Vantage Bank understood the defamatory nature of the statement made by Defendants Gonzalez and West Retail about USCGP.

37. Vantage Bank reasonably understood that the statement was about USCGP, and knew that relying upon and acting on the statement would cause damage to USCGP.

38. Defendant Vantage Bank failed to use reasonable care to determine the truth or validity of the statement and there is no privilege afforded Vantage Bak to re-publish the false statement.

39. The statement made by West Retail to Vantage Bank about USCGP is defamatory per se, as it defames USCGP on its face without the need for extrinsic evidence to explain the statement's defamatory nature.

40. On or about December 19, 2023, Defendant Vantage Bank re-published the false defamatory statement to Chase Bank, N.A., with the intent to cause damage to USCGP.

40. The statement made by Defendant Vantage Bank to Chase Bank N.A. about USCGP damaged USCGP in excess of $75,000.

41. Vantage Bank's fault in re-republishing the statement amounted to at least negligence.

10

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against Vantage Bank Texas for defamation and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

### COUNT FOUR
### Intentional Interference with Contract Against Jose Alberto Gonzalez

**4**2.   The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

43.   A contract existed between Plaintiff USCGP and its banking institution Chase Bank N.A

44.   Defendant Gonzalez knew of the existence of the contract between Plaintiff USCGP and Chase Bank N.A.

45.   Defendant Gonzalez engaged in the actions detailed in paragraphs 1-26 herein for the purpose of, and which in fact did, interfere with, hinder, or prevent performance of the contract relationship between Plaintiff USCGP and Chase Bank N.A.

46.   Defendant Gonzalez intended this result or knew that it was likely to occur.

47.    Defendant Gonzalez' conduct substantially caused harm to the Plaintiff USCGP, which the Plaintiff has suffered damages in excess of $75,000.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against Jose Alberto Gonzalez for intentional interference with contract and an award of any and all legal and equitable   damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

**COUNT FIVE**
**Intentional Interference with Contract Against West Retail Development, LLC**

**48**.  The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

49.  A contract existed between Plaintiff USCGP and its banking institution Chase Bank N.A

50.  Defendant West Retail knew of the existence of the contract between Plaintiff USCGP and Chase Bank N.A.

51.  Defendant West Retail engaged in the actions detailed in paragraphs 1-26 herein for the purpose of, and which in fact did, interfere with, hinder, or prevent performance of the contract relationship between Plaintiff USCGP and Chase Bank N.A.

52.  Defendant West Retail intended this result or knew that it was likely to occur.

53.  Defendant West Retail's conduct substantially caused harm to the Plaintiff USCGP, which the Plaintiff has suffered damages in excess of $75,000.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against West Retail Development, LLC for intentional interference with contract and an award of any and all legal and equitable   damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

**COUNT SIX**
**Intentional Interference with Contract Against Vantage Bank Texas**

54.  The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

55.  A contract existed between Plaintiff USCGP and its banking institution Chase Bank N.A

12

56. Defendant Vantage West knew of the existence of the contract between Plaintiff USCGP and Chase Bank N.A.

57. Defendant Vantage West engaged in the actions detailed in paragraphs 22-26 herein for the purpose of, and which in fact did, interfere with, hinder, or prevent performance of the contract relationship between Plaintiff USCGP and Chase Bank N.A.

58. In addition, Defendant Vantage Bank knew, or should have known that re-publishing the false statements of Gonzalez and West Retail to Chase Bank, N.A., would cause Chase Bank N.A. to take action against USCGP that it otherwise is entitled to, or would not have done, including without limitation, transferring funds from USCGP's account to West Retail's account at Vantage Bank, freezing other USCGP accounts, and preventing incoming deposits and outgoing transfers which occur in the normal course of business between USCGP and Chase Bank, N.A.

59. Defendant Vantage West intended these result or knew that they was likely to occur.

60. Defendant Vantage West's conduct substantially caused harm to the Plaintiff USCGP, which the Plaintiff has suffered damages in excess of $75,000.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against Vantage Bank Texas for intentional interference with contract and an award of any and all legal and equitable   damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

**COUNT SEVEN**
**Intentional Interference with Prospective Economic Advantage**
**Against Jose Alberto Gonzalez**

61. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

13

62. An economic relationship existed between Plaintiff USCGP and its banking institution Chase Bank N.A., and multiple clients of USCGP.

63. Defendant Gonzalez knew of the existence of the economic relationship between Plaintiff USCGP and Chase Bank N.A, and multiple clients of USCGP.

64. Defendant Gonzalez engaged in the wrongful conduct detailed in paragraphs 1-26 herein for the purpose of disrupting each of those economic relationships, or knew that disruption of those economic relationships was likely to occur because of his conduct.

65. The economic relationships between the Plaintiff USCGP and Chase Bank N.A., and multiple clients of USCGO was disrupted by Gonzalez' conduct, and the Plaintiff has suffered harm as a result in excess of $75,000.

66. There exists a causal connection between the wrongful conduct of Defendant Gonzalez and the harm suffered by Plaintiff USCP.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against Jose Alberto Gonzalez for intentional interference with prospective economic advantage and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

**COUNT EIGHT**
**Intentional Interference with Prospective Economic Advantage**
**Against West Retail Development, LLC**

67. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

68. An economic relationship existed between Plaintiff USCGP and its banking institution Chase Bank N.A., and multiple clients of USCGP.

14

69. Defendant West Retail knew of the existence of the economic relationship between Plaintiff USCGP and Chase Bank N.A, and multiple clients of USCGP.

70. Defendant West Retail engaged in the wrongful conduct detailed in paragraphs 1-26 herein for the purpose of disrupting each of those economic relationships or knew that disruption of those economic relationships was likely to occur because of his conduct.

71. The economic relationships between the Plaintiff USCGP and Chase Bank N.A., and multiple clients of USCGO was disrupted by West Retail's conduct, and the Plaintiff has suffered harm as the result in excess of $75,000.

72. There exists a causal connection between the wrongful conduct of Defendant West Retail and the harm suffered by Plaintiff USCP.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against West Retail Development, LLC for intentional interference with prospective economic advantage and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

### COUNT NINE
**Intentional Interference with Prospective Economic Advantage**
**Against Vantage Bank Texas**

73. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

74. An economic relationship existed between Plaintiff USCGP and its banking institution Chase Bank N.A., and multiple clients of USCGP.

75. Defendant Vantage Bank knew of the existence of the economic relationship between Plaintiff USCGP and Chase Bank N.A, and multiple clients of USCGP.

76. In addition, Defendant Vantage Bank knew, or should have known that re-publishing the false statements of Gonzalez and West Retail to Chase Bank, N.A., would cause Chase Bank N.A. to take action against USCGP that it otherwise is entitled to, or would not have done, including without limitation, transferring funds from USCGP's account to West Retail's account at Vantage Bank, freezing other USCGP accounts, and preventing incoming deposits and outgoing transfers which occur in the normal course of business between USCGP and Chase Bank, N.A.

77. Defendant Vantage Bank engaged in the wrongful conduct detailed in paragraphs 1-26 herein for the purpose of disrupting each of those economic relationships or knew that disruption of those economic relationships was likely to occur because of his conduct.

78. The economic relationships between the Plaintiff USCGP and Chase Bank N.A., and multiple clients of USCGO was disrupted by Vantage Bank's conduct, and the Plaintiff has suffered harm as the result in excess of $75,000.

79. There exists a causal connection between the wrongful conduct of Defendant Vantage Bank and the harm suffered by Plaintiff USCP.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against Vantage Bank Texas for intentional interference with prospective economic advantage and an award of any and all legal and equitable   damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

**COUNT TEN**
**Inducing Breach of Contract Against Jose Alberto Gonzalez**

80. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein.

16

81. A valid contract exists between Plaintiff USCGP and West Retail, and Defendant Gonzalez is aware of the contract and its terms and conditions as he negotiated and executed the agreement as the President of West Retail.

82. The Plaintiff, USCGP, performed its obligations under the contract.

83. Defendant Gonzalez controls all acts and omissions of West Retail.

84. Defendant Gonzalez induced and caused West Retail to breach the contract with USCGP by refusing to make payments, or instructing others to not make payments, due thereunder to USCGP in consideration for USCGP's performance. Defendant Gonzales did so with the intent to cause harm to USCGP.

85. USCGP has been harmed by Gonzalez' acts and omissions which caused West Retail to breach the agreement in excess of $75,000.

86. Defendant Gonzalez' conduct was a substantial factor in causing harm to USCGP

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against Jose Alberto Gonzalez for inducing breach of contract and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

## COUNT ELEVEN
**Breach of Contract Against West Retail Development, LLC**

87. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein

88. A valid contract exists between Plaintiff USCGP and West Retail.

89. The Plaintiff, USCGP, performed its obligations under the contract.

90. Defendant West Retail breached the contract with USCGP by refusing to make payments due thereunder to USCGP in consideration for USCGP's performance.

91. USCGP has been harmed by the breach of contract.

92. Defendant West Retail's conduct caused harm to USCGP as a result of the contract breach in excess of $75,000.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against West Retail Development, LLC for breach of contract and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

### COUNT TWELVE

**Breach of Implied Covenant of Good Faith and Fair Dealing
Against West Retail Development, LLC**

93. The Plaintiff adopts and incorporates the allegations in paragraphs 1- 26 of this Complaint as if they are re-alleged in their entirety herein

94. A valid contract exists between Plaintiff USCGP and West Retail.

95. The Plaintiff, USCGP performed all or substantially all of the significant actions that the contract required.

96. All conditions required for West Retail to perform its contact obligations occurred.

97. Defendant West Retail wrongfully prevented the Plaintiff USCGP from receiving the benefits of the contract by defaming the Plaintiff to Defendant Vantage Bank, and causing Defendant Vantage Bank to defame USCGP to its bank, Chase Bank, N.A.

97	As a result. Chase Bank N.A., transferred to West Retail the consideration USCGP previously received from West Retail for USCGP's contract performance, and prevented USCGP from enjoying any other benefit arising from its contract with West Retail.

98./	By doing so, Defendant West Retail did not act fairly and in good faith.

98.	Plaintiff has been harmed as a result of Defendant West Retail's conduct in excess of $75,000.

WHEREFORE, the Plaintiff, US Capital Global Partners, LLC hereby demands Judgment against West Retail Development, LLC for breach of the implied covenant of good faith and fair dealing and an award of any and all legal and equitable damages to which it is entitled, punitive damages, attorney's fees and costs, and any other relief which the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury on all claims and issues so triable.

Dated: December 22, 2023

_____

Martin Sances
Attorney for Plaintiff US CAPITAL GLOBAL PARTNERS LLC