1. W. SCOTT SHEPARD (Bar No. 148475)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Suite 600
Walnut Creek, California 94596
Telephone:    925 935 9400
Facsimile:     925 933 4126
Email:           scott.shepard@msrlegal.com

Attorneys for Defendant
VANTAGE BANK TEXAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| US CAPITAL GLOBAL PARTNERS, LLC, a Delaware Limited Liability Company, | Case No. 3:23-cv-06603-TSH |
| Plaintiff, | DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER AND MEMORANDUM OF LAW IN SUPPORT THEREOF |
| v. | |
| JOSE ALBERTO GONZALEZ, an Individual, WEST RETAIL DEVELOPMENT, LLC, a Texas Limited Liability Company and VANTAGE BANK TEXAS, a Texas State Financial Institution, | Magistrate Judge Thomas Hixson<br>    Trial Judge |
| Defendants. | Hearing Date: March 7, 2024<br>Hearing Time: 10:00 a.m. |
| | Complaint Filed:    December 22, 2023<br>Trial Date:              Not yet set |

## <u>NOTICE OF MOTION & MOTION</u>

NOTICE IS HEREBY GIVEN THAT on March 7, 2024 at 10:00 a.m., or as soon

thereafter as counsel may be heard in the above-entitled Court, located at 450 Golden Gate

Avenue, San Francisco, California, 94102, in the courtroom of the Honorable Thomas Hixson,

Courtroom E-15th Floor, defendant VANTAGE BANK TEXAS ("Vantage") will and hereby does

move the Court for an order dismissing the Complaint in the above captioned matter for lack of

jurisdiction, improper venue, and failure to state a claim under Fed. R. Civ. P. 12(b)(2), 12(b)(3) , and 12(b)(6) . This motion is brought under the provisions of Local Rule 7.

Specifically, in this motion Defendant Vantage moves the Court to dismiss this complaint as against Vantage for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); dismiss this complaint as against Vantage for improper venue under Fed. R. Civ. P. 12(b)(3); dismiss this complaint as against Vantage for failure to state a claim of any kind; or transfer any claims which survive the motions to dismiss to the United States District Court for Western District of Texas. The bases for Vantage's Motion are explained fully below.

Dated:  January 24, 2024

Respectfully submitted,

MILLER STARR REGALIA

By:  _/s/ **W. Scott Shepard**_
W. SCOTT SHEPARD
Attorneys for Defendant
VANTAGE BANK TEXAS

-2-

DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

# TABLE OF CONTENTS

Page

NOTICE OF MOTION & MOTION ..........................................................................................1

MEMORANDUM OF LAW ................................................................................................8

I.   EXECUTIVE SUMMARY ............................................................................................8

II.  RELEVANT FACTUAL BACKGROUND ....................................................................9

     A.   Agreement between Plaintiff and Co-Defendants Gonzalez and West Retail. ..........9

     B.   Vantage's Lack of Purposeful and Continuing Connections to California. .............11

III. STANDARDS OF REVIEW ........................................................................................11

     A.   Fed. R. Civ. P. 12(b)(2). .................................................................................11

     B.   Fed. R. Civ. P. 12(b)(3). .................................................................................11

     C.   Fed. R. Civ. P. 12(b)(6). .................................................................................12

IV.  LAW AND ARGUMENT ............................................................................................12

     A.   Exercise of Personal Jurisdiction over Vantage in this Case would be
          Improper. ........................................................................................................12

          1.   Vantage Never Purposefully Availed Itself of the Privilege of
               Conducting Business in California and Never Invoked the Benefits
               and Protections of its Laws. ........................................................................14

          2.   The Claim Does Not Arise Out of Vantage's (Minimal) Contacts
               with California. ...........................................................................................17

          3.   Exercise of Jurisdiction in this Context Would be Unreasonable. ...............18

     B.   The Northern District of California Is An "Improper" Venue for This
          Litigation. ........................................................................................................20

     C.   Plaintiff Has Not Stated a Valid Claim for Defamation. ..........................................22

     D.   Plaintiff Has Not Stated a Valid Claim for Intentional Interference with
          Contract. ..........................................................................................................24

     E.   Plaintiff Has Not Stated a Valid Claim for Intentional Interference with
          Prospective Economic Advantage. ...................................................................26

V.   CONCLUSION ............................................................................................................26

# TABLE OF AUTHORITIES

**Page**

## CASES

*AirWair Int'l Ltd. v. Pull & Bear Espana SA*, No. 19-CV-07641-SI,
   2020 WL 2113833, 2020 U.S. Dist. LEXIS 78158 at *15 (N.D. Cal. May 4, 2020) ......... 19

*AMA Multimedia, L.L.C. v. Wanat* (9th Cir. 2020)
   970 F.3d 1201, 1207 ............................................................................................................. 9

*Anrig v. Ringsby United* (9th Cir. 1978)
   603 F.2d 1319 ..................................................................................................................... 21

*Ashcroft v. Iqbal* (2009),
   556 U.S. 662 ....................................................................................................................... 12

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.* (9th Cir. 2000)
   223 F.3d 1082 ..................................................................................................................... 13

*Bell Atl. Corp. v. Twombly* (2007)
   550 U.S. 544 ................................................................................................................. 12, 26

*Brayton Purcell L.L.P. v. Recordon & Recordon* (9th Cir. 2010)
   606 F.3d 1124, 1128 ........................................................................................................... 14

*Briskin v. Shopify, Inc.* (9th Cir. 2023)
   87 F.4th 404 ........................................................................................................................ 17

*Casey v. U.S. Bank. Nat. Assn.* (Cal. Ct. App. 2005)
   127 Cal.App.4th 1138 ......................................................................................................... 25

*Core-Vent Corp. v. Nobel Indus. AB* (9th Cir. 1993)
   11 F.3d 1482 ....................................................................................................................... 19

*Davis v. Cranfield Aero. Sols., Ltd.* (9th Cir. 2023)
   71 F.4th 1154 ................................................................................................................. 15, 16

*Doe v. Unocal Corp.* (9th Cir. 2001)
   248 F.3d 915, 924 ............................................................................................................... 17

*Dole Food Co. v. Watts* (9th Cir. 2002)
   303 F.3d 1104 ..................................................................................................................... 20

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 5:20-CV-06846-EJD, 2021
   WL 3037701,
   2021 U.S. Dist. LEXIS 134187 at *21 (N.D. Cal. July 19, 2021) ...................................... 14

*Gilbert v. Sykes* (Cal. Ct. App. 2007)
   147 Cal.App.4th 13 ............................................................................................................. 22

*Gray & Co. v. Firstenberg Mach. Co.* (9th Cir. 1990)
   913 F.2d 758 ....................................................................................................................... 13

DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS

**TABLE OF AUTHORITIES**
(Continued)

Page

*Greenberg v. Hollywood Turf Club* (Cal. Ct. App. 1970)
   7 Cal. App. 3d 968 ........................................................................................................... 24

*Harrison Ventures, L.L.C. v. Alta Mira Treatme*nt Ctr., L.L.C., No. 10-CV-00188-RS,
   2010 WL 1929566, 2010 U.S. Dist. LEXIS 46815, at *5 (N.D. Cal. May 12, 2010) ........ 24

*Hartman v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*) (9th Cir. 2008)
   536 F.3d 1049 ...................................................................................................................... 9

*In re Boon Glob. Ltd.*, (9th Cir. 2019)
   923 F.3d 643 ........................................................................................................................ 9

*Hatset v. Century 21 Gold Coast Realty* (9th Cir. 2016)
   649 F. App'x 400 ............................................................................................................... 16

*Herron v. State Farm Mut. Ins. Co.* (Cal. 1961)
   56 Cal.2d 202 .................................................................................................................... 25

*Iand8, Inc. v. W. 54th L.L.C.*, No. 17-CV-08206-ODW (PLA),
   2018 U.S. Dist. LEXIS 237255, at *17 (C.D. Cal. Jan. 26, 2018) .................................... 20

*In re Boon Glob. Ltd.*, (9th Cir. 2019)
   923 F.3d 643 ........................................................................................................................ 9

*Ins. Co. of N. Am. v. Marina Salina Cruz* (9th Cir. 1981)
   649 F.2d 1266 .................................................................................................................... 18

*Jackson v. Underwriters' Report* (Cal. Ct. App. 1937)
   21 Cal. App. 2d 591 .......................................................................................................... 22

*Kashian v. Harriman* (Cal. Ct. App. 2002)
   98 Cal. App. 4th 892 ......................................................................................................... 23

*Lake v. Lake* (9th Cir. 1987)
   817 F.2d 1416 .................................................................................................................... 13

*Manzarek v. St. Paul Fire & Marine Ins. Co.,* (9th Cir. 2008)
   519 F.3d 1025 ...................................................................................................................... 9

*Martinez v. Aero Caribbean* (9th Cir. 2014)
   764 F.3d 1062 .................................................................................................................... 14

*Mattel, Inc. v. Greiner & Hausser GmbH* (9th Cir. 2003)
   354 F.3d 857 ...................................................................................................................... 19

*Melamed v. JPMorgan Chase Bank, N.A.*, No. 15-CV-04314-JAK (MRWx),
   2015 WL 5923533, 2015 U.S. Dist. LEXIS 138482, at *10 (C.D. Cal. Oct. 8, 2015) ....... 15

*Miranda v. R&L Carriers Shared Servs., L.L.C., No.* 18-cv-04940-TSH, 2018 WL
   6199931,
   2018 U.S. Dist. LEXIS 201720, at *5 (N.D. Cal. Nov. 28, 2018) ..................................... 12

*Morrill v. Scott Fin. Corp.* (9th Cir. 2017)
   873 F.3d 1136 .................................................................................................................... 16

# TABLE OF AUTHORITIES
### (Continued)

*name.space, Inc. v. Internet Corp. for Assigned Names & Nos*, (9th Cir. 2015)
795 F.3d 1124, 1133 .................................................................................. 24

*Neal v. Select Portfolio Servicing, Inc.*, No. 16-CV-04923-EJD,
2017 WL 4224871, 2017 U.S. Dist. LEXIS 155649, at *4 (N.D. Cal. Sept. 22,
2017) ............................................................................................................ 24

*Noel v. River Hills Wilsons, Inc.* (Cal. Ct. App. 2003)
113 Cal.App.4th 1363 ................................................................................ 23

*Panavision Int'l, L.P. v. Toeppen* (9th Cir. 1998)
141 F.3d 1316 ............................................................................................. 20

*Parsons v. Fisher*, No. 13-CV-06438-DMG (JCx), 2014 WL 12560790,
2014 U.S. Dist. LEXIS 195550, at *1 (C.D. Cal. Apr. 30, 2014) ............... 17

*Pazmany Bros. Landscaping v. Citigroup, Inc.*, (N.D. Cal. 2020)
475 F. Supp. 3d 1063 ................................................................................. 25

*Perry v. Lyons*, No. 09-CV-0794-JM (CAB),
2009 WL 3062409, 2009 U.S. Dist. LEXIS 87366, at *11 (S.D. Cal. Sept. 22,
2009) ............................................................................................................ 18

*Picot v. Weston* (9th Cir. 2015)
780 F.3d 1206 ............................................................................................. 18

*Rader v. Thrasher* (Cal. Ct. App. 1972)
22 Cal. App. 3d 883 .................................................................................... 23

*Rano v. Sipa Press, Inc.* (9th Cir. 1993)
987 F.2d 580 ............................................................................................... 14

*Resolution Tr. Corp. v. First of Am. Bank* (C.D. Cal. 1992)
796 F. Supp. 1333 ................................................................................. 15, 17

*Roemer v. Retail Credit Co.* (Cal. Ct. App. 1970)
3 Cal. App.3d 368 ....................................................................................... 23

*S.H. Silver Co. v. David Morris Int'l*, No. 08-CV-03550-CRB,
2008 WL 4058364, 2008 U.S. Dist. LEXIS 116989, at *4 (N.D. Cal. Aug. 28,
2008) ............................................................................................................ 17

*Schwarzenegger v. Fred Martin Motor Co.* (9th Cir. 2004)
374 F.3d 797, 800 ............................................................... 11, 13, 14, 15

*Steel Co. v. Citizens for a Better Env't* (1998)
523 U.S. 83 .................................................................................................. 12

*Terracom v. Valley Nat'l Bank*, (9th Cir. 1995)
49 F.3d 555 ................................................................................................. 19

*Townsend v. Chase Bank USA N.A.*, No. 08-CV-00527-AG (ANx),
2009 WL 426393, 2009 U.S. Dist. LEXIS 13116, at *9 (C.D. Cal. Feb. 15, 2009) .......... 22

*Vasquez v. L.A. Cnty.* (9th Cir. 2007)
487 F.3d 1246 ................................................................................................................ 12

*Venture Gen. AGency, LLC v. Wells Fargo Bank, N.A.*, No. 19-CV-02778-TSH,
2019 WL 5213005, 2019 U.S. Dist. LEXIS 179291, at *5 (N.D. Cal. Oct. 16, 2019) ....... 24

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.* (9th Cir. 2012)
704 F.3d 668 ................................................................................................................... 15

*Yahoo! Inc. v. La. Ligue Contre Le Racisme* (9th Cir. 2006)
433 F.3d 1199 ........................................................................................................... 15, 22

*Yamashita v. LG Chem, Ltd.* (9th Cir. 2023)
62 F.4th 496 .................................................................................................................... 16

*Ziegler v. Indian River Cnty.*(9th Cir. 1995)
64 F.3d 470 ......................................................................................................... 18, 19, 20

## STATUTES

28 U.S.C.
Section 1391 ................................................................................................................... 16
Section 1391(b) .............................................................................................................. 16
Section 1391(b)(1) .......................................................................................................... 16
Section 1391(b)(2) .......................................................................................................... 16
Section 1406(a) .......................................................................................................... 8, 21

California Civil Code
Section 47 ................................................................................................................. 23, 24

Code of Civil Procedure
Section 410.10 ................................................................................................................ 13

Federal Rules of Civil Procedure
Rule 12(b)(2) ........................................................................................................... passim
Rule 12(b)(3) ........................................................................................................... passim
Rule 12(b)(6) ........................................................................................................... passim
Rule 21 ........................................................................................................................... 21

DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS

**MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6), and 28 U.S.C. § 1406(a) Defendant Vantage Bank Texas ("Vantage"), by and through undersigned counsel, files this Motion to Dismiss Plaintiff U.S. Capital Global Partners LLC's ("USCGP") Complaint (ECF No. 1) for lack of personal jurisdiction, improper venue, and failure to state a claim. In the event this Court denies Vantage's motion(s) to dismiss, Vantage asks the Court to transfer this case to the Western District of Texas for final resolution.

**I.     EXECUTIVE SUMMARY**

This lawsuit, at least as it relates to Vantage, represents a blatant attempt by USCGP to manufacture jurisdiction and tort claims without a legal or factual basis. The real dispute is between USCGP and Vantage's customers in connection with a contract – to which Vantage was not a party. Although Vantage was involved with processing certain wire transfers and requesting a recall of the same on behalf of and at the request of its customers, it has no relationship with USCGP, owes no duty to non-customers such as USCGP, and was *not* the bank which froze USCGP's accounts.

At its core, USCGP asks this Court to bless a cause of action for defamation and other intentional torts by a non-customer arising out a bank's decision to act upon its customer's instructions related to certain wire transfers. Permitting a cause of action of this nature would expose financial institutions like Vantage to liability to a non-customer for acting on instructions from its customers, while simultaneously exposing them to liability to their customers for *not* acting upon receipt of their instructions. Financial institutions like Vantage would be in a no-win situation when faced with a claim by one of its customers that a certain transaction on their account (such as a wire) was fraudulent. Their choice would be to either conduct a thorough investigation of each fraud claim while risking the loss of that customer's money due to delay and liability to that customer for failing to act on the customer's instructions, or expose themselves to risk of defamation and other intentional torts for acting on the customer's fraud claim and instructions to recall a wire. That contradiction is not and cannot be the law.

Even ignoring the potential implications of USCGP's claims in this case to the banking system, the Complaint itself suffers from a myriad of fundamental flaws in pleading and jurisdiction and should be dismissed on those grounds. The first issue is that Vantage is a Texas institution with no ties to the State of California. Second, the communication from Vantage to Chase that is made the basis of this lawsuit had no relationship to California either. That these out-of-state communications resulted in secondary consequences to a California entity cannot serve as the basis for personal jurisdiction. Third, all of the Defendants, nearly all of the witnesses, and most, if not all, of the evidence, along with all of the events giving rise to this cause of action reside and/or occurred in the Western District of Texas. Fourth, should this Court reach the merits of Plaintiff's claims, it will find them lacking on numerous grounds. Fundamentally, they rely on vague allegations of defamation, but fail to include the actual defamatory language. The complaint also does not address the availability of privilege as affirmative defense, which is obvious from the face of the Complaint.

For these reasons, Defendant Vantage respectfully moves the Court to dismiss this complaint, or, in the alternative, transfer it to the Western District of Texas for resolution.

## II.      RELEVANT FACTUAL BACKGROUND[1]

### A.      Agreement between Plaintiff and Co-Defendants Gonzalez and West Retail.

The factual background of this case, as alleged in the Complaint, is straightforward. In July 2023, USCGP and co-Defendant Jose Alberto Gonzalez Jr. ("Gonzalez"), executed an

---

[1] In reviewing a motion to dismiss for failure to state a claim, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co., 519* F.3d 1025, 1031 (9th Cir. 2008). However, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Hartman v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). By contrast, where personal jurisdiction is challenged under Fed. R. Civ. P. 12(b)(2), a plaintiff cannot simply rest on the bare allegations in the complaint. *AMA Multimedia, L.L.C. v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020). In those instances, "disputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction[.]" *Id*. at 1207 (citing *In re Boon Glob. Ltd*., 923 F.3d 643, 650 (9th Cir. 2019)). Accordingly, this motion relies on USCGP's complaint for the purposes of discussing whether a (footnote continued)

agreement (the "Agreement") for USCGP to loan Gonzalez's company, co-Defendant West Retail Development LLC ("West Retail"), up to $30 million subject to the exercise of due diligence by USCGP. ECF No. 1, Pl. Compl. ¶ 11. The Agreement included, *inter alia,* a "non-refundable Due Diligence and Underwriting" fee of $140,000. *Id.* ¶15. West Retail made three payments towards this due diligence fee in July, August, and October of 2023 from its account at Vantage. *Id.* ¶¶ 17, 22. These payments totaled approximately $110,000. *Id.* Sometime between July and December 2023, after exercising its due diligence, USGCP decided not to loan Gonzalez and West Retail the $30 million. *See id.* ¶¶ 18-22.[2] Vantage was not a party to, privy to, and had no knowledge of the Agreement.

After USGCP's decision to not loan Gonzalez and West Retail the $30 million, on an unspecified date in December 2023, Gonzalez informed Vantage that "USCGP had no contractual right to receive the [payments from July, August, and October] and had [obtained them via fraud]." *Id.* ¶ 22. Further, he instructed that Vantage retrieve the payments that Vantage had sent to USGCP's account at Chase Bank, N.A. ("Chase"). *Id.* According to the Complaint, Vantage did as Gonzalez requested and reached out to Chase informing them that their customer, Gonzalez, had alleged that the funds had been transferred to USCGP's account with Chase as a result of fraud. *Id.* ¶ 24. Vantage asked Chase to return the funds. *Id.* According to the Complaint, Chase, who is not a Defendant, complied with Vantage's request. At the same time, Chase independently decided to "[freeze] all of USCGP's other bank accounts." *Id.* ¶ 25. There is no further information about what went into this decision or when or why it occurred. This decision by Chase to freeze the rest of USCGP's accounts, "caused the return of fund transfers to USCGP clients, and the rejection of debits from USGCP's accounts." *Id.*

USCGP now sues Vantage for defamation, intentional interference with contract (specifically, USCGP's contract with Chase), and intentional interference with a prospective

claim has been plead, but relies on the uncontroverted declaration attached hereto when discussing whether personal jurisdiction exists.

[2] The Complaint never identifies when USCGP made this decision. However, the complaint alleges that Gonzalez reacted to the news of USCGP's decision in December 2023. *Id.* ¶ 22.

economic advantage as a result of the damages they purportedly suffered from Chase's decision to freeze USCGP's accounts.

**B.** **Vantage's Lack of Purposeful and Continuing Connections to California.**

Vantage is a bank organized in and registered to do business in the State of Texas. (*See* Declaration of George Cardenas ¶ 5.)  Its registered office is located at 1801 S. 2nd St., McAllen, Texas, 78502, and its headquarters are located at 45 NE Interstate Loop 410 # 190, San Antonio, Texas 78216.  *Id.* It maintains 23 locations across Texas, primarily in San Antonio, El Paso, and in the Rio Grande Valley. (*Id.* ¶ 6.)  Vantage does not operate in California, it does not maintain branches in California, and it does not employ anyone in California. (*Id.* ¶ 7.)  It does not advertise in California and does not market or solicit any business in California. (*Id.*)

The only remote possibility of contact with California is that Vantage maintains an app which customers may use to interact with the bank from any location, including California. (*Id.* ¶10.) Additionally, a review of the bank's assets revealed that Vantage (i) made three loans *in Texas* which are secured by property in California; and (ii) made one loan *in Texas* to a trust organized in California which owns property in California and whose trustee lives part-time in Texas and part-time in California. (*Id.* ¶8.)  These four loans made in Texas, with collateral in California are the sum total of the bank's contacts with the state of California. (*Id.*)

**III.**     **STANDARDS OF REVIEW**

**A.**     **Fed. R. Civ. P. 12(b)(2).**

When ruling on a motion to dismiss for lack of personal jurisdiction brought under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving that the court's exercise of jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

**B.**     **Fed. R. Civ. P. 12(b)(3).**

Fed. R. Civ. P. 12(b)(3) permits a defendant to move to dismiss a complaint for improper venue. Once challenged, the plaintiff bears the burden of demonstrating the propriety of venue. *Miranda v. R&L Carriers Shared Servs., L.L.C., No.* 18-cv-04940-TSH, 2018 WL

6199931, 2018 U.S. Dist. LEXIS 201720, at *5 (N.D. Cal. Nov. 28, 2018) (citations omitted). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(3), the Court does not have to accept pleadings as true and may consider facts outside of the pleadings. *Id*. (citations omitted). However, it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Id*. (citations omitted).

### C. **Fed. R. Civ. P. 12(b)(6).**

A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard [] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "While a complaint [] does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. In considering a motion to dismiss, a court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Id*. at 550; *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

## IV. **LAW AND ARGUMENT**

Plaintiff's claims against Vantage suffer from numerous flaws, any one of which requires the Court to dismiss the claims against Vantage. Because this Court must resolve challenges to its jurisdiction before addressing the case on its merits, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998), those issues are addressed first.

### A. **Exercise of Personal Jurisdiction over Vantage in this Case would be Improper.**

Plaintiff's Complaint alleges, in relevant part:

DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS

> "Personal jurisdiction is proper [] because: (1) the controversy is related to and arises out of Vantage Bank's instructions and directions to Defendant Chase Bank in the State of California []; (2) upon information and belief, Vantage Bank regularly does business in the State of California, by accepting deposits and executing transfers of funds to and from various accounts within the State of California; and, (3) the assertion of personal jurisdiction comports with fair play and substantial justice."

(ECF No. 1 ¶ 3.) In other words, USCGP's alleged basis for personal jurisdiction amounts to the communication(s) between Vantage and Chase related to Gonzalez's allegations of fraud, a series of wire transfers between the two conducted on the instructions of its customer, and USCGP's mistaken belief about the nature of Vantage's operations. These statements are not entitled to a presumption of truth, and the uncontroverted facts regarding Vantage's lack of contacts with California show that this court lacks personal jurisdiction over Vantage under relevant Supreme Court and Ninth Circuit precedent.

To establish personal jurisdiction, a plaintiff must show both that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant and that the exercise of jurisdiction is consistent with federal due process requirements. *Gray & Co. v. Firstenberg Mach. Co.,* 913 F.2d 758, 760 (9th Cir. 1990). California's long-arm statute authorizes the exercise of personal jurisdiction on any basis that is consistent with the state or federal constitution. Cal. Civ. Proc. Code § 410.10. The personal-jurisdiction analysis thus "collapses into a single inquiry under federal due process." *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987). Depending on the nature of the contacts between such a party and the forum state, personal jurisdiction may be general or specific. *Schwarzenegger,* 374 F.3d at 801-02.

From the text of the Complaint, USCGP does not make any allegations that Vantage is subject to general jurisdiction in California, nor does general jurisdiction exist. General jurisdiction only exists when "contacts with a state are substantial or continuous and systematic" so as to "approximate physical presence" in the state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (internal quotation marks omitted). Where there is general jurisdiction, a party may "be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1066 (9th Cir.

2014). Vantage, who does not operate in California, does not have "continuous and systematic" contacts with California such that it is subject to general jurisdiction in the state.[3]

Instead, Plaintiff alleges that Vantage is subject to specific jurisdiction. Specific jurisdiction exists when a non-resident entity who is not subject to general jurisdiction is subject to jurisdiction for actions that arise out of that non-resident's specific forum-related activities. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) (emphasis added). There is a long-established a three-part test for determining whether specific jurisdiction exists in a given case:

(1) the defendant must purposefully avail itself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

(2) the claim must arise out of or result from the defendant's forum-related activities; and

(3) exercise of jurisdiction must be reasonable.

*Id.* The party asserting jurisdiction bears the burden of satisfying the first two prongs of this test. *Schwarzenegger*, 374 F.3d at 802. If the first two prongs are satisfied, the burden then shifts to the party contesting jurisdiction to "present a compelling case" that the third prong of reasonableness has not been satisfied. (*Id.*) Here, USCGP cannot carry its burden to establish the first two prongs and, even if it could, Vantage has made a compelling case that exercising jurisdiction here would not be reasonable.

### 1. **Vantage Never Purposefully Availed Itself of the Privilege of Conducting Business in California and Never Invoked the Benefits and Protections of its Laws.**

This first prong of the test for specific jurisdiction may be satisfied "by either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two distinct concepts.'" *Brayton Purcell L.L.P. v. Recordon & Recordon, 60*6 F.3d 1124, 1128 (9th Cir. 2010) (citations omitted). The "purposeful direction" test

---

[3] Nor does the existence of collateral real estate and a loan to a California trust create general jurisdiction. *See Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc*., No. 5:20-CV-06846-EJD, 2021 WL 3037701, 2021 U.S. Dist. LEXIS 134187 at *21 (N.D. Cal. July 19, 2021) ("Courts in this Circuit have required far more than property ownership prior to the exercise of general jurisdiction.")

"typically" applies to tort claims (like those at issue here), while the "purposeful availment" test "typically" applies to contract cases. *Yahoo! Inc. v. La. Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). But, as the Ninth Circuit explained just last year, this is not a "hard and fast rule" and the first prong "may be satisfied by purposeful availment," "by purposeful direction," or "by some combination thereof." *Davis v. Cranfield Aero. Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) (quoting *Yahoo! Inc.*, 433 F.3d at 1206). The minimal contacts at issue here satisfy neither test.

Because this is a case sounding in tort, the "typical" analysis would begin with the purposeful direction test, which asks whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo!*, 433 F.3d at 1206 (quoting *Schwarzenegger*, 374 F.3d at 803). With respect to the "express aiming" prong of the effects test, "something more" is required than a "foreign act with foreseeable effects in the forum state." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012).

Here, a "foreign act with effects in the forum state" is what is at issue. The sole basis by which USCGP seeks to establish personal jurisdiction over Vantage are some non-specific allegations that someone at Vantage relayed Gonzalez's claim of fraud to someone at Chase. (ECF No. 1, Pl. Compl.) But this act by Vantage unquestionably occurred in Texas and this communication had nothing to do with California. In fact, there is no evidence Vantage ever even communicated with anyone in California.[4] There is also no evidence that Vantage even knew that USCGP, the subject of the communication was a resident of California.

The mere fact that USCGP *happened* to be a California entity does not mean all communications related to their business establish "purposeful direction" towards their home state. *See Resolution Tr. Corp. v. First of Am. Bank*, 796 F. Supp. 1333, 1338 (C.D. Cal. 1992)

---

[4] Chase Bank is not an exclusively California entity, so there is nothing in the pleading beyond a vague and conclusory statement that Vantage communicated to Chase in California, or with a California branch of Chase. *See Melamed v. JPMorgan Chase Bank, N.A.*, No. 15-CV-04314-JAK (MRWx), 2015 WL 5923533, 2015 U.S. Dist. LEXIS 138482, at *10 (C.D. Cal. Oct. 8, 2015) ("Chase is a national bank whose main office is located in Columbus, Ohio.")

(rejecting a nearly identical claim). *See also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1148 (9th Cir. 2017) ("[W]hen a defendant's relationship to the forum state arises from the fortuity of where the plaintiff resides ..., it does not provide the basis for specific jurisdiction there."); *Hatset v. Century 21 Gold Coast Realty*, 649 F. App'x 400, 402 (9th Cir. 2016) ("[Defendant] communicated with [Plaintiff] while [Plaintiff] was physically present in California, but these communications connect only [Defendant] to [Plaintiff], not to California specifically.") Consequently, this relay of information from a Texas bank (a non-resident of California) to a national bank (also a non-resident of California) is not an intentional act "expressly aimed" at California.

The purposeful availment analysis likewise fails. To establish purposeful availment, the Ninth Circuit looks at Vantage's "entire course of dealing" with California, "not solely the particular contract or tortious conduct giving rise to [a plaintiff's] claim" as in the purposeful direction test. *Davis*, 71 F.4th at 1163 (citations and quotations omitted). Purposeful availment exists when a defendant's long-term dealings with a state establishes a *quid pro quo* where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," and in return "submit[s] to the burdens of litigation" in the State. (*Id.*) In other words, the Court looks to see whether the Defendant "deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023). Hence why it is most often applied in contractual situations which tend to play out over longer periods of time.

Here, Vantage (a non-resident of California) exchanged wire transfers and information with Chase (another non-resident of California) at the instructions of its Texas customer. And other than having made four loans in Texas that are secured by real property in California (which are unrelated to the conduct at issue here), there is no connection between Vantage and the state of California. (Cardenas Decl., ¶¶ 7-9.)

Moreover, it is well-established that "'wire transfers or similar contacts' in particular are generally insufficient [] to create personal jurisdiction." *S.H. Silver Co. v. David*

*Morris Int'l*, No. 08-CV-03550-CRB, 2008 WL 4058364, 2008 U.S. Dist. LEXIS 116989, at *4 (N.D. Cal. Aug. 28, 2008) (quoting *Resolution Tr. Corp.*, 796 F. Supp. at 1336-37; *see also Parsons v. Fisher*, No. 13-CV-06438-DMG (JCx), 2014 WL 12560790, 2014 U.S. Dist. LEXIS 195550, at *1 (C.D. Cal. Apr. 30, 2014) (defendants' receipt of wires from and transfer of wires to forum state insufficient to confer jurisdiction). Nothing about the subject wire transfers or the exchange of information pertaining to the same shows that Vantage purposefully availed itself of the privilege of conducting activities within California, thus invoking the benefits and protections of its laws, or deliberately reached out beyond Texas by exploiting a market in California or entering into a contractual relationship centered there.

For these reasons, purposeful availment does not exist and USCGP's claims fail the first prong.

## 2. The Claim Does Not Arise Out of Vantage's (Minimal) Contacts with California.

The second prong of the Ninth Circuit's test, whether the claim "arises out of or relates to" the defendant's forum-related activities, is a "but-for" test. *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). More specifically, a claim "arises" out of the defendant's forum-related activities if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen. (*Id.*) Here, Vantage's request to Chase to recall the wires had nothing to do with Vantage's contacts with California. In that sense, this analysis echoes the "express aiming" analysis of the purposeful direction test discussed above. The communications between Vantage and Chase had nothing to do with California. Vantage never acted in California. There is no evidence Vantage communicated with anyone in California. There is no evidence that Vantage even knew that USCGP was a resident of California. USCGP could have been located anywhere as far as Vantage was concerned.

Because the allegations had nothing to do with Plaintiff's location in California, these claims fail the but-for test. *See Briskin v. Shopify, Inc.*, 87 F.4th 404, 414 (9th Cir. 2023). (rejecting a claim for jurisdiction where a Plaintiff would have suffered the same injury regardless

of "whether he was physically present in California…."); *see also Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015). USCGP's claims therefore fail both prongs that they must carry.

### 3. Exercise of Jurisdiction in this Context Would be Unreasonable.

Even if the USCGP could meet the first two prongs, personal jurisdiction would still not exist because Vantage meets its burden to present a "compelling case" that exercising jurisdiction in this case would be unreasonable. In evaluating the reasonableness of exercising specific jurisdiction over a non-resident defendant, the Ninth Circuit applies a seven-factor test: "(1) the extent of the defendant's purposeful injection into the forum; (2) the defendant's burdens from litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 475 (9th Cir. 1995) (citations omitted). All seven factors must be weighed and none alone is dispositive. *Id.*

Here, the majority of factors weigh in Vantage's favor—in some cases heavily— and that is enough to present "a compelling case." *See, e.g., Perry v. Lyons*, No. 09-CV-0794-JM (CAB), 2009 WL 3062409, 2009 U.S. Dist. LEXIS 87366, at *11 (S.D. Cal. Sept. 22, 2009) (finding jurisdiction unreasonable where "Defendants' interjection into the affairs of California are minimal, [and] the burden on Defendants [] is great as [] virtually all witnesses, the real property at issue, and pertinent evidence is located in the State of Texas.")

The first factor, purposeful injection, weighs heavily in favor of Vantage. "Even if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness prong]." *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981). "The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." (*Id.*) As discussed above, Plaintiff cannot even meet the purposeful availment prong because Vantage does not operate in California. There is no purposeful direction towards the state and, thus, no "purposeful injection." *AirWair Int'l Ltd. v.*

DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS

*Pull & Bear Espana SA*, No. 19-CV-07641-SI, 2020 WL 2113833, 2020 U.S. Dist. LEXIS 78158 at *15 (N.D. Cal. May 4, 2020) (analyzing the first factor under the purposeful direction analysis).

The second factor also weighs heavily in favor of Vantage. Where the burden on multiple defendant and witnesses to travel to California is equal to the burden on plaintiff and witnesses to travel to Texas, the factor is found to "favor" a defendant. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). But whereas here, there is not an "equal" burden between one Plaintiff and one Defendant because in this case there are multiple defendants who are all Texas residents. Therefore, this factor is heavily weighted towards Vantage.

The third factor, the extent of the conflict with the sovereignty of the defendant's state, "concerns the extent to which the exercise of jurisdiction would conflict with the sovereignty of the defendant's state." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). "[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Id.* (citation and internal quotation marks omitted). Here, there is no concern about the conflict of sovereignty (even between states like Texas and California) so this factor is ultimately neutral.

The fourth factor, the forum state's interest in adjudicating the dispute, is also neutral here. California and Texas are both "concerned with the behavior of parties in commercial transactions." *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 868 (9th Cir. 2003). Where private commercial matters are involved, like here, the Ninth Circuit has held that "neither state has a *uniquely* strong interest at stake." *Id*. (emphasis added). While California undoubtedly has an interest in protecting the rights of, and providing an effective means of redress for, its entities, so does Texas. Because neither state's interest prevails over the other, it renders this factor neutral.

The fifth factor of efficiency is evaluated by looking "primarily at where the witnesses and the evidence are likely to be located." *Ziegler*, 64 F.3d at 475-76 (citation omitted). Here, aside from the Plaintiff, all of the witnesses and evidence are located in Texas. This factor heavily favors Vantage, though it is "no longer weighed heavily given the modern advances in communication and transportation." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th

Cir. 1998). Consequently, this factor weighs in favor of Vantage insofar as it is to be considered at all.

The sixth factor, importance of forum to Plaintiff for convenient and effective relief is likely neutral as well. First, nothing in the record establishes that effective relief is not available to USGCP in Texas. Moreover, while USGCP could argue that litigating in Texas may be inconvenient, "neither the Supreme Court nor [the Ninth Circuit] has given much weight to inconvenience to the plaintiff." *Ziegler*, 64 F.3d at 476 (citations omitted). Courts have previously noted that this factor is also not of paramount importance. *See, e.g., Dole Food Co. v. Watts,* 303 F.3d 1104, 1116 (9th Cir. 2002). Insofar as it is to be considered at all, because effective relief would be available to Plaintiff in Texas and "inconvenience" is not given much weight, this factor weighs slightly toward Vantage or is neutral at best.

The seventh and final factor, availability of an alternate forum, favors Vantage. "The plaintiff bears the burden of proving the unavailability of an alternative forum." *Id.* (citations omitted). There is no reason that this case cannot be litigated in Texas. Indeed, that is where much of the evidence and nearly all of the witnesses would be located.

In total, four factors weigh heavily in favor of Vantage, one factor weighs slightly in favor of Vantage, and two are neutral. That amounts to a compelling case. *See Iand8, Inc. v. W. 54th L.L.C.*, No. 17-CV-08206-ODW (PLA), 2018 U.S. Dist. LEXIS 237255, at *17 (C.D. Cal. Jan. 26, 2018) ("Three of the factors—including 'the extent of the defendant's purposeful interjection into the forum state'—favor Defendants. The other four factors are neutral. [Therefore], it would not be reasonable for this Court to exercise personal jurisdiction because the first factor heavily weighs in favor of Defendants.")

### B. The Northern District of California Is An "Improper" Venue for This Litigation.

Fed. R. Civ. P. 12(b)(3) provides an alternative basis on which this Court may dismiss this Complaint. Pursuant to the general venue statute, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(28 U.S.C. § 1391(b).) If the court determines that venue is improper, it must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. (28 U.S.C. § 1406(a).)

Here, according to the Complaint, all defendants are Texas residents. (ECF No. 1, Pl. Compl. ¶¶ 8-10.) More specifically, all defendants are residents of the Western District of Texas. (*Id.*) Therefore, in support of its claim for venue in the Northern District of California, Plaintiff inevitably skirted §1391(b)(1) ) and goes straight to (b)(2) ), claiming that a "substantial part of the events giving rise to the claims occurred in the Northern District of California." (*Id.* ¶5.)

At least as to Vantage, however, this is untrue. The only "events" giving rise to the claims in this case are the communications from Vantage to Chase. (*Id.* ¶ 24.) The Complaint does not state where Vantage's communications supposedly occurred, and because Vantage only does business in Texas the logical conclusion is that events at issue took place in Texas. There is also no evidence that Chase received the communications in California. As discussed above, Chase is a national bank headquartered in Ohio. Facts in the Complaint are not taken as true for the purpose of venue, and there is, therefore, no basis by which this Court can infer any of the "acts" by Vantage "substantially occurred" in California.

Under §1391(b)(1) or (b)(2), the proper venue for this suit against Vantage would have been the Western District of Texas. In situations like this, "the interests of justice require the trial court to consider the possibility of transfer or dismissal of improper parties under Fed. R. Civ. P. 21 and 28 U.S.C. § 1406(a)." *Anrig v. Ringsby United*, 603 F.2d 1319, 1325 (9th Cir. 1978) ( (considering case in which venue under 28 U.S.C. § 1391 was improper as to only certain defendants). Here, dismissal is more appropriate than transfer in this instance, as there are still two co-defendants involved with this case who may or may not be subject to jurisdiction in California.

DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS

### C.    Plaintiff Has Not Stated a Valid Claim for Defamation.

Even if this Court could clear the jurisdiction and venue hurdles to arrive at the merits of USCGP's Complaint, this case should independently be dismissed for failure to state a claim. USCGP's allegation against Vantage for defamation reads, "[Vantage] communicated and re-published to USCGP's bank, Chase Bank N.A., the materially false representations made by Gonzalez that USCGP had fraudulently received payments from Defendant West Retail." (ECF No. 1, Pl. Compl. ¶ 24, p. 10.[5])

To start, this Complaint fails to plead defamation with sufficient particularity because the Complaint never explicitly identifies the language in the communication which USCGP believes was defamatory. "The general rule is that the words constituting an alleged [defamation] must be specifically identified, if not pleaded verbatim, in the complaint." *Gilbert v. Sykes*, 147 Cal.App.4th 13 (Cal. Ct. App. 2007) (a pleading without the actual statement is "a paradigm of vagueness[] and does not even come close to the specificity required to state an actionable [] claim."); *see also Townsend v. Chase Bank USA N.A.*, No. 08-CV-00527-AG (ANx), 2009 WL 426393, 2009 U.S. Dist. LEXIS 13116, at *9 (C.D. Cal. Feb. 15, 2009) (dismissing a defamation complaint under 12(b)(6), in part, for the Plaintiff's failure to specifically allege the contents of the purportedly defamatory statements). The requirement of specificity is critical because of its knock-on effects on the Court's ability to conduct any further analysis on the merits of the claim (or lack thereof).

Equally fatal to USCGP's defamation pleading is that there is a clear privilege defense which appears on the face of the Complaint. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *see also Jackson v. Underwriters' Report*, 21 Cal. App. 2d 591 (Cal. Ct. App. 1937) (citations omitted) ("With respect to the question of the legal sufficiency of a complaint in a [defamation] action, it appears to be well settled that where the existence of the

---

[5] The paragraph numbering on page 10 related to the allegations of "Defamation/Slander" against Vantage is mis-ordered so this part of the Motion simply refers to the page instead of the specific paragraph.

privilege is disclosed on the face of the complaint, the privilege is available as a defense on [a motion to dismiss].")

In California, an action for defamation cannot be predicated on certain privileged oral or written statements. Cal. Civ. Code § 47. This privilege extends to, *inter alia*:

> "[C]ommunication[s], [made] without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information."

(*Id.*) It is intended to be "broadly construed." *Rader v. Thrasher*, 22 Cal. App. 3d 883 (Cal. Ct. App. 1972. Here, Vantage and Chase are both "interested" parties to Gonzalez' claims of fraud against USCGP. *See Kashian v. Harriman*, 98 Cal. App. 4th 892 (Cal. Ct. App. 2002) (individuals with a contractual or business relationship to one another generally have a common interest for defamation claim purposes). In an attempt to circumvent this defense, the Complaint alleges that Vantage "failed to use reasonable care to determine the truth or validity of the statement." ECF No. 1, Pl. Compl., p. 10. But that is not enough to defeat the privilege. "Malice," the enumerated exception to the privilege in the statute, can be established only by a showing that the publication was motivated by hatred or ill will toward the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and acted in reckless disregard of the plaintiff's rights. *Noel v. River Hills Wilsons, Inc.*, 113 Cal.App.4th 1363 (Cal. Ct. App. 2003). Importantly, for the second method of providing malice, however, "[o]nly willful falsity or recklessness will suffice." *Kashian*, 98 Cal. App. 4th at 931. "[M]ere negligence" in failing to make "a sufficient inquiry into the facts on which the statement was based" does not. *Roemer v. Retail Credit Co.*, 3 Cal. App.3d 368 (Cal. Ct. App. 1970).

Here, to purportedly establish malice, Plaintiff only alleges that Vantage's purported failure to investigate Gonzalez's claims "amount to at least negligence." (ECF No. 1, p. 10.[6]) Plaintiff echoed this negligence standard earlier in the Complaint, stating, "[Vantage] failed

---

[6] Although not specifically pled, the Complaint nevertheless incorporates negligence standards in describing what it believes to be Vantage's culpability. Any negligence claims stated or implied are

(footnote continued)

to use reasonable care to determine the truth or validity of the [Gonzalez] statement….” (*Id.*[7])
These pleadings of a negligence standard, even taken as true, are not enough to defeat the
interested party communication privilege in Cal. Civ. Code. § 47. The defamation claim against
Vantage must be dismissed for failure to state a claim.

### D. Plaintiff Has Not Stated a Valid Claim for Intentional Interference with Contract.

To succeed on a tortious interference with contract claim, a plaintiff must
demonstrate: “(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of
the contract; (3) defendant's intentional acts designed to induce breach or disruption of the
contract; (4) actual breach or disruption; and (5) resulting damage.” *name.space, Inc. v. Internet
Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1133 (9th Cir. 2015) (quotations omitted). In
addition, an intentional interference claim will not hold if “the defendant's conduct consists of
something which he had an absolute right to do.” *Neal v. Select Portfolio Servicing, Inc.*, No. 16-
CV-04923-EJD, 2017 WL 4224871, 2017 U.S. Dist. LEXIS 155649, at *4 (N.D. Cal. Sept. 22,
2017). This tort is also subject to an affirmative defense of privilege. *See Harrison Ventures,
L.L.C. v. Alta Mira Treatme*nt Ctr., L.L.C., No. 10-CV-00188-RS, 2010 WL 1929566, 2010 U.S.
Dist. LEXIS 46815, at *5 (N.D. Cal. May 12, 2010) (citations omitted). It has been long held that
“there are many occasions when a defendant is privileged to interfere with an existing contractual
relationship.” *Greenberg v. Hollywood Turf Club*, 7 Cal. App. 3d 968 (Cal. Ct. App. 1970).
Therefore, whether an intentional interference by a third party is justifiable depends upon a
balancing of the importance, social and private, of the objective advanced by the interference
against the importance of the interest interfered with, considering all circumstances including the

---

subject to dismissal under Fed. R. Civ. P. 12(b)(6) because, “absent extraordinary and specific facts,
a bank does not owe a duty of care to a noncustomer.” *Venture Gen. AGency, LLC v. Wells Fargo
Bank, N.A.*, No. 19-CV-02778-TSH, 2019 WL 5213005, 2019 U.S. Dist. LEXIS 179291, at *5 (N.D.
Cal. Oct. 16, 2019) (citations omitted).

[7] Nor can Vantage’s decision to not “investigate” the validity of Gonzalez’s claims of fraud form
the basis of an actionable negligence claim because “under California law, a bank owes no duty to
non-depositors to investigate [] suspicious activities on the part of an account holder.” *Venture Gen.
AGency, LLC.*, 2019 U.S. Dist. LEXIS 179291, at *9.

nature of the actor's conduct and the relationship between the parties. *Herron v. State Farm Mut. Ins. Co.*, 56 Cal.2d 202 (Cal. 1961).

Vantage's actions were justifiable and privileged in light of the allegations made by their customer, Gonzalez and the customer's instructions to Vantage to recall the wires that had been sent. As alleged in the Complaint, all Vantage did was to relay the allegations of fraud from Gonzalez to Chase and Gonzalez's request for a recall of the wires. (ECF No. 1, ¶ 58.) That action is justified under these circumstances because there is an extreme societal interest in combating fraud (such as wire fraud) and ensuring that allegations of fraud are acted upon quickly and decisively.

USCGP's claim that Vantage negligently decided not to investigate the validity of Gonzalez' claims before acting on them, is equally unavailing. (ECF No. 1, Pl. Compl. ¶¶ 36-38.) Vantage does not have any relationship with USCGP and does not owe USCGP any duty. *Casey v. U.S. Bank. Nat. Assn.*, 127 Cal.App.4th 1138 (Cal. Ct. App. 2005).[8] Indeed, the bank's involvement when a customer requests a wire transfer (or a recall of a wire transfer) is limited to processing such request on behalf of the customer.

Moreover, forcing a bank in Vantage's situation to follow that course of action would run counter to the societal interest in combating fraud quickly and efficiently. Any delay may result in the complete disappearance of a customer's money. When presented with an allegation of fraud by its customer, a bank needs to be able to act quickly, not wait months while investigating their own customers or their customer's instructions. The societal interests clearly support Vantage's actions in this case and it is, therefore, clearly entitled to the privilege defense which appears on the face of the Complaint.

---

[8] While a bank's duty to a non-customer can only be triggered by "extraordinary and specific facts," *Casey*, 127 Cal. App. 4th at 1149, those extraordinary and specific circumstances are not alleged here. Every case finding such circumstances "involved the bank's liability for allowing a person to deposit a check, payable to someone else, into a personal account, under circumstances that should have alerted the bank to the possibility of fraud." *Pazmany Bros. Landscaping v. Citigroup, Inc.*, 475 F. Supp. 3d 1063, 1069 (N.D. Cal. 2020) (collecting cases).

DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS

**E.** **Plaintiff Has Not Stated a Valid Claim for Intentional Interference with Prospective Economic Advantage.**

A tortious interference with prospective economic advantage claim has the same elements as a claim for tortious interference with a contract (focusing instead on the existence and knowledge of a prospective economic relationship), but also requires that the defendant's conduct be "wrongful by some legal measure other than the fact of interference itself." *name.space, Inc.*, 795 F.3d at 1133 (quotations omitted). To reach this wrongfulness element, the California Supreme Court has authorized Plaintiffs like USCGP to plead facts which would show, "that the defendant knew that the interference was certain or substantially certain to occur as a result of its action." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (Cal. 2003).

Here, the Complaint merely regurgitates the appropriate legal conclusion cited above but fails to support that claim with any facts. That is not enough to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) in federal court. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do…."). Instead, this Complaint fails to allege facts, which taken as true, would support the allegation that Vantage knew or should have known that Chase would shut down USCGP's accounts. There are no facts in the Complaint that "the defendant knew that the interference was certain or substantially certain to occur as a result of its action." Accordingly, USCGP's claim for intentional interference with prospective economic advantage must be dismissed for failure to state a claim.

**V.** **CONCLUSION**

For these reasons, Defendant Vantage Bank respectfully requests that the Court: (1) Dismiss this complaint as against Vantage for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) Dismiss this complaint as against Vantage for improper venue under Fed. R. Civ. P.

12(b)(3); (3) Dismiss this complaint as against Vantage for failure to state a claim of any kind; or (4) Transfer any claims which survive the motions to dismiss to the Western District of Texas.

Dated: January 24, 2024

Respectfully submitted,

MILLER STARR REGALIA

By: **/s/ W. Scott Shepard**
W. SCOTT SHEPARD
Attorneys for Defendant
VANTAGE BANK TEXAS

# PROOF OF SERVICE

*US Capital Global Partners, LLC v. Gonzalez, et al.*
**Case No. 3:23-cv-06603-TSH**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1331 N. California Blvd., Suite 600, Walnut Creek, CA 94596.

On January 24, 2024, I served true copies of the following document(s) described as **1. DEFENDANT VANTAGE BANK TEXAS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER AND MEMORANDUM OF LAW IN SUPPORT THEREOF; 2) DECLARATION OF GEORGE CARDENAS (filed separately); and 3. [PROPOSED] ORDER (filed separately)** on the interested parties in this action as follows:

| | |
|---|---|
| Martin Sances (SBN 175779)<br>Sances Law<br>61 Avendia De Orinda, Suite J<br>Orinda, CA 94563<br>Tel: (415) 531-5654<br>Fax:<br>Email:<br><br>Attorneys for Plaintiff | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 24, 2024, at Walnut Creek, California.

*/s/ Beverly Dozier-Jones*
Beverly Dozier-Jones